IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CANDI CAMPBELL,

                                        Case No.

       Plaintiff,

vs.

WADE CLAYTON, DDS, PA, PLLC d/b/a
BELLANO DENTAL HEALTH,
a Tennessee Profit Corporation,
CMG ASSOCIATES, LLC d/b/a
BELLANO DENTAL HEALTH,
a Tennessee Profit Corporation,
WADE CLAYTON, Individually,
JEFFREY GARDINO, Individually, and
ANDREW MEFFORD, Individually,

       Defendants.

_____/

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiff, CANDI CAMPBELL (hereinafter "Plaintiff"), files this action against Defendants, WADE CLAYTON, DDS, PA, PLLC d/b/a BELLANO DENTAL HEALTH, a Tennessee Profit Corporation ("WADE CLAYTON, DDS"), CMG ASSOCIATES, LLC d/b/a BELLANO DENTAL HEALTH, a Tennessee Profit Corporation ("CMG ASSOCIATES") WADE CLAYTON ("CLAYTON"),  individually, JEFFREY GARDINO ("GARDINO"), individually, and ANDREW MEFFORD ("MEFFORD"), individually, (collectively, "Defendants"), for unpaid minimum wages, overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

## NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938.  The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living

necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 1444 (1981).

2.       The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S. Ct. 895, 902 (1945).

3.       This action is brought by Plaintiff under the FLSA to recover unpaid minimum wages, overtime compensation, liquidated damage, and reasonable attorney's fees and costs from Defendants.

## JURISDICTION

4.       Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq*. to recover unpaid minimum wages, overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

5.       The United States District Court for the Western District of Tennessee has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

6.       The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

7.       Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Tennessee has personal jurisdiction over Defendants and Defendants therefore "reside" in Tennessee.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendants within this district during the relevant time period subject to this Complaint and/or Defendants maintained a business operation within this district.

9.     Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

10.     At all material times hereto, Defendant, WADE CLAYTON, DDS was a for-profit corporation that operates and conducts business in Memphis (Shelby County), Tennessee.

11.     At all material times hereto, Defendant, CMG ASSOCIATES was a for-profit corporation that  operates and conducts business in Memphis (Shelby County), Tennessee.

12.     At all material times hereto, Defendant CLAYTON was in individual resident of the state of Tennessee.

13.     At all times material hereto, Defendant CLAYTON was an "employer" as defined by 29 U.S.C. § 201. *et seq.*

14.     At all times material hereto, Defendant CLAYTON was a partial owner and partner of WADE CLAYTON, DDS.

15.     At all times material hereto, Defendant CLAYTON was a partial owner and partner of CMG ASSOCIATES.

16.     At all times material hereto, Defendant CLAYTON had the authority to hire and fire employees of WADE CLAYTON, DDS.

17.     At all times material hereto, Defendant CLAYTON had the authority to hire and fire employees of CMG ASSOCIATES.

3

18.     At all times material hereto, Defendant CLAYTON regularly determined the rates of pay for the employees of WADE CLAYTON, DDS.

19.     At all times material hereto, Defendant CLAYTON regularly determined the rates of pay for the employees of CMG ASSOCIATES.

20.     At all times material hereto, Defendant CLAYTON regularly determined the work schedules for the employees of WADE CLAYTON, DDS.

21.     At all times material hereto, Defendant CLAYTON regularly determined the work schedules for the employees of CMG ASSOCIATES.

22.     At all times material hereto, Defendant CLAYTON controlled the finances and operations of WADE CLAYTON, DDS.

23.     At all times material hereto, Defendant CLAYTON controlled the finances and operations of CMG ASSOCIATES.

24.     At all material times hereto, Defendant GARDINO was in individual resident of the state of Tennessee.

25.     At all times material hereto, Defendant GARDINO was an "employer" as defined by 29 U.S.C. § 201. *et seq.*

26.     At all times material hereto, Defendant GARDINO was a partial owner and CEO of WADE CLAYTON, DDS.

27.     At all times material hereto, Defendant GARDINO was a partial owner and CEO CMG ASSOCIATES.

28.     At all times material hereto, Defendant GARDINO had the authority to hire and fire employees of CMG ASSOCIATES.

29.     At all times material hereto, Defendant GARDINO regularly determined the rates of pay for the employees of WADE CLAYTON, DDS.

4

30.     At all times material hereto, Defendant GARDINO regularly determined the rates of pay for the employees of CMG ASSOCIATES.

31.     At all times material hereto, Defendant GARDINO regularly determined the work schedules for the employees of WADE CLAYTON, DDS.

32.     At all times material hereto, Defendant GARDINO regularly determined the work schedules for the employees of CMG ASSOCIATES.

33.     At all times material hereto, Defendant GARDINO controlled the finances and operations of WADE CLAYTON, DDS.

34.     At all times material hereto, Defendant GARDINO controlled the finances and operations of CMG ASSOCIATES.

35.     At all material times hereto, Defendant MEFFORD was in individual resident of the state of Tennessee.

36.     At all times material hereto, Defendant MEFFORD was an "employer" as defined by 29 U.S.C. § 201. *et seq.*

37.     At all times material hereto, Defendant MEFFORD was a partial owner and partner of WADE CLAYTON, DDS.

38.     At all times material hereto, Defendant MEFFORD was a partial owner and partner of CMG ASSOCIATES.

39.     At all times material hereto, Defendant MEFFORD had the authority to hire and fire employees of WADE CLAYTON, DDS.

40.     At all times material hereto, Defendant MEFFORD had the authority to hire and fire employees of CMG ASSOCIATES.

41.     At all times material hereto, Defendant MEFFORD regularly determined the rates of pay for the employees of WADE CLAYTON, DDS.

42.     At all times material hereto, Defendant MEFFORD regularly determined the rates of pay for the employees of CMG ASSOCIATES.

43.     At all times material hereto, Defendant MEFFORD regularly determined the work schedules for the employees of WADE CLAYTON, DDS.

44.     At all times material hereto, Defendant MEFFORD regularly determined the work schedules for the employees of CMG ASSOCIATES.

45.     Plaintiff was and continues to be a resident of Brighton (Tipton County), Tennessee and worked as an administrative director for Defendants in Memphis (Shelby County), Tennessee.

### COVERAGE

46.     At all material times hereto (2015-2018), Plaintiff was an "employee" within the meaning of the FLSA.

47.     At all material times hereto (2015-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

48.     At all material times hereto (2015-2018), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

   a)  Operated instrumentalities of commerce;

   b)  Transported goods in commerce;

   c)  Used channels of commerce;

   d)  Communicated across state lines; and/or

   e)  Performed work essential to any of the preceding activities.

49.     At all material times hereto (2015-2018), the work performed by Plaintiff was directly essential to the operations performed by Defendants.

50.     At all material times hereto (2015-2018), Defendant, WADE CLAYTON, DDS was the "employer" within the meaning of the FLSA.

6

51.    Based upon information and belief, Defendant, WADE CLAYTON, DDS earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

52.    At all material times hereto (2015-2018), Defendant, WADE CLAYTON, DDS was, is and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

53.    At all material times hereto (2015-2018), Defendant, WADE CLAYTON, DDS was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

54.    At all material times hereto (2015-2018), Defendant, WADE CLAYTON, DDS employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

55.    Defendant, WADE CLAYTON, DDS and its officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

56.    At all material times hereto (2015-2018), Defendant, WADE CLAYTON, DDS failed to comply with 29 U.S.C. §§207, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those all hours worked in excess of forty (40) within a work week.

57.    Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendant, WADE CLAYTON, DDS.

58.     Starting in 2018, Defendant, CMG ASSOCIATES was the "employer" within the meaning of the FLSA.

59.     Based upon information and belief, Defendant, CMG ASSOCIATES earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

60.     Starting in 2018, Defendant, CMG ASSOCIATES was, is and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

61.     Starting in 2018, Defendant, CMG ASSOCIATES was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

62.     Starting in 2018, Defendant, CMG ASSOCIATES employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

63.     Defendant, CMG ASSOCIATES and its officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

64.     Starting in 2018, Defendant, CMG ASSOCIATES failed to comply with 29 U.S.C. §§207, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those all hours worked in excess of forty (40) within a work week.

65.     Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession,

8

custody and control of Defendant, CMG ASSOCIATES.

## FACTUAL ALLEGATIONS

66.     Defendant, WADE CLAYTON, DDS in conjunction with Defendant, CMG ASSOCIATES own and operate three dental offices that do business as Bellano Dental Health.

67.     Based on information and belief, Defendant WADE CLAYTON, DDS owns the Bellano Dental Health offices located at 2705 Appling Road, Memphis Tennessee 38133("Appling") and 1329 Cordova Cove, Germantown, Tennessee 38138 ("Germantown").

68.     Based on information and belief, Defendant CMG ASSOICATES owns the Bellano Dental Health office located at 5336 Estate Office Drive, Memphis Tennessee, 38119 ("East Memphis").

69.     On Bellano Dental Health's website, Defendants CLAYTON and MEFFORD are listed as dentists and partners of Bellano Dental Health, and Defendant GARDINO is listed as the Chief Executive Officer.

70.     Defendant CLAYTON manages and exercises significant control over all three Bellano Dental Health locations.

71.     Defendant MEFFORD manages and exercises significant control over all three Bellano Dental Health locations.

72.     Defendant GARDINO manages and exercises significant control over all three Bellano Dental Health locations.

73.     Defendants implement and enforce the same policies and procedures in all three Bellano Dental Health locations.

74.     In approximately 2015, Plaintiff, CANDI CAMPBELL was hired to work as the "administrative director" for Bellano Dental Health.

9

75.     At the time Plaintiff was hired, Bellano Dental Health only operated two dental offices, Appling and Germantown.

76.     While Plaintiff primarily worked out of Defendants' Appling location, Plaintiff was responsible for the administrative functions for the Germantown location as well.

77.     In approximately 2018, Defendants opened the third, East Memphis, Bellano Dental Health location.

78.     The East Memphis location was incorporated separately as CMG ASSOCIATES.

79.     When Defendants' East Memphis location opened, Plaintiff became responsible for the administrative functions there as well.

80.     Defendants required Plaintiff to travel between the Appling and East Memphis office on a regular basis, and often during the same day.

81.     Several of Defendants employees work in more than one Bellano Dental Health location.

82.     Plaintiff maintained her position, performing the administrative functions for all three locations until she resigned from her employment in May 2018.

83.     Plaintiff's duties included, but were not limited to, handling issues with insurance, billing, human resources, and making bank deposits.

84.     Throughout the duration of her employment, Plaintiff was required to, and did, perform work off-the-clock.

85.     Some examples of the work that Plaintiff performed off-the-clock include, but are not limited to, travelling between the Appling and East Memphis office during the same day; making bank deposits after clocking out for the day; and performing work remotely from her home.

86.     Additionally, Defendants did not provide Plaintiff with a time-clock, or time recording mechanism at the East Memphis location.

87.     Therefore, all hours for which Plaintiff performed work at the East Memphis location were off-the-clock.

88.     Defendants were aware that Plaintiff performed work off-the-clock.

89.     In fact, Plaintiff resigned after she was advised that Defendants would not be paying her for the hours that she worked off-the-clock at the East Memphis location.

90.     Throughout the duration of her employment, Plaintiff was compensated at an hourly rate of pay.

91.     Throughout the duration of her employment, Plaintiff worked over forty (40) hours per work week on a regular basis.

92.     However, due to the fact that Plaintiff was required to work off-the-clock, Defendants failed to pay Plaintiff at least the applicable minimum wage for all of the hours that she worked each week.

93.     Moreover, Defendant did not compensate Plaintiff at a rate that was one and one half times her regular rate of pay for all of the hours that she worked over forty (40) each week.

94.     Throughout the duration of her employment, Plaintiff was a non-exempt employee and Defendants were required to adhere to the minimum wage and overtime provisions of the FLSA.

95.     Defendants knowingly and willfully failed to compensate Plaintiff in accordance with the FLSA.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

96.     Plaintiff realleges and reincorporates paragraphs 1 through 95 as if fully set forth herein.

97.     Plaintiff worked in excess of forty (40) hours in most, if not all, work weeks.

98.     Plaintiff was not properly compensated at the statutory rate of one and one-half

times her regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

99.     Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

100.    At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

101.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

102.    Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

103.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

104.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF 29 U.S.C. § 206**
**MINIMUM WAGE**

105.    Plaintiff re-alleges and reincorporates paragraphs 1 through 95 as if fully set forth herein.

106.    Plaintiff is entitled to be paid minimum wage for all weeks worked during her employment with Defendants.

107.    Defendants failed to pay Plaintiff minimum wage in one or more work weeks.

108.    Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least the applicable minimum wage for all hours that she worked in a work week.

109.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for unpaid minimum wages, plus liquidated damages.

110.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a.   An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

b.   Overtime compensation for all hours worked over forty in a work week at the applicable time and one-half  rate;

c.   All unpaid minimum wages at the applicable minimum wage rate;

d.   An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e.   Awarding Plaintiff pre-judgment and/or post-judgment interest;

f.   Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

g.   Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

DATED, this 18th day of August, 2020.

Respectfully submitted,

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) 318-0268; Fax: (954) 327-3013
Email: CVentura@forthepeople.com

*Counsel for Plaintiff*

14

**STATE OF** ~~TENNESSEE~~ Florida ALC

**COUNTY OF** Okaloosa

I, CANDI CAMPBELL, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

**DATE:** 8-12-20

_____
**CANDI CAMPBELL, PLAINTIFF**

**OATH**

Before me, _Amy L Collins_ a Notary Public in and for _Okaloosa_ County, State of _Florida_, personally appeared _Candi Campbell_ and he being first duly sworn by me upon his oath, says that the facts alleged in the foregoing instrument are true.

**(SEAL)**      **(Signed)** _Amy L Coll_

**NOTARY PUBLIC**

AMY L COLLINS
Notary Public-State of Florida
Commission # HH 17681
My Commission Expires
July 05, 2024

15